UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DINAH ROBINSON** | : | **CIVIL ACTION NO. 2:17-cv-1568** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SCHOOL BOARD OF CALCASIEU PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 9] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants School Board of Calcasieu Parish ("CPSB") and Karl Bruchhaus, CPSB superintendent, seeking dismissal of plaintiff's state law claims on the basis of prescription. The motion relates to an employment discrimination suit [doc. 1] filed in this court by plaintiff Dinah Robinson. Robinson has filed a response, indicating that she does not oppose dismissal. Doc. 11.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons provided below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 9] be **GRANTED** and that Robinson's state law claims be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Robinson alleges that she was discriminated against on account of her race and sex, when she sought and was interviewed for a position as assistant superintendent at CPSB but was not hired. Doc. 1, pp. 4–6, ¶¶ 10–20. She states that she interviewed for the position on November 6, 2015. *See id.* at p. 4, ¶¶ 10–11. She also states that she filed a charge of discrimination relating to these events with the Equal Employment Opportunity Commission ("EEOC") on January 1, 2016,

and shows that a notice of right to sue was issued to her by the EEOC on September 5, 2017. *Id.* at p. 2, ¶ 5; doc. 1, att. 7. She filed suit in this court on December 1, 2017, under state employment discrimination law and federal civil right and employment discrimination laws. Doc. 1.

Defendants now move to dismiss Robinson's claims brought under state employment discrimination law. Doc. 9. Robinson concedes the issue and agrees to dismissal of her state law claims, stating that she will proceed instead on her claims brought under federal law. Doc. 11.

## II.
## LAW & APPLICATION

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In their Motion to Dismiss, defendants assert that Robinson's claims under the Louisiana Employment Discrimination Law ("LEDL"), Louisiana Revised Statute § 23:301 *et seq.*, have prescribed. That statute provides, in relevant part:

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. **No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.**

*Id.* at § 23:303(D) (emphasis added). The complaint does not provide the date on which Robinson was notified of the hiring decision, but defendants maintain, and Robinson does not dispute, that her claims accrued in November 2015. Doc. 9, att. 1, p. 2. Accordingly, defendants maintain and Robinson agrees, her claims asserted under Louisiana law have prescribed. *Id.* at 2–3; doc. 11.

Even if Robinson did not learn of the outcome of her interview until January 1, 2016, the day she filed her EEOC charge, the claims brought under the LEDL have still prescribed. If the prescriptive period began to run against Robinson's state law claims as late as July 2016, after the six-month maximum suspension of the prescriptive period under the LEDL ended, then those claims prescribed in July 2017. This suit was filed in December 2017, and Robinson asserts no other basis for interruption or suspension of the prescriptive period. Accordingly, the motion to dismiss should be granted, dismissing Robinson's claims under state law but having no impact on her claims under federal law.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 9] be **GRANTED** and that Robinson's state law claims be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE