UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DINAH ROBINSON** | **CASE NO. 2:17-CV-01568** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCHOOL BOARD OF CALCASIEU PARISH ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment [Doc. 48], filed by Plaintiff Dinah Robinson on the issues of discrimination based on race and retaliation. The Defendants oppose this motion [Doc. 56]. All briefs have been filed, as such, the issue is now ready for ruling.

## FACTUAL STATEMENT

Plaintiff, Dr. Dinah Robinson, is a 60-year-old, African American female professional teacher, and administrator. Doc. 48-1 *Memorandum In Support of Plaintiff's Motion for Summary Judgment.* Dr. Robinson's educational background includes a PhD from University of New Orleans educational administration, a Masters plus 30 Graduate hours certificate from McNeese University, and a Masters in Education Technology degree from McNeese University. *Id.*; Doc. 48-7. Dr. Robinson has experience working in education since 1979 in the Calcasieu Parish School system, and has held positions such as teaching assistant, teacher, middle school principal, elementary principal, and high school principal. *Id.* In addition to her education and work experience, Dr. Robinson received several awards during her time at Calcasieu Parish School, including but not

limited to Teacher of the Year, State Presentation for Assistant Principals, KPLC Class Act Award, and has served on the Superintendent John White's Principal Advisory Board and Superintendent Pastorek's Principal Advisory Board. *Id.*

On or about October 16, 2015, the position of Assistant Superintendent of Calcasieu Parish School Board became available, and interviews were conducted. Doc. 48-11 *Calcasieu Parish School System Announcing Vacant Position*. The posted position of Assistant Superintendent (Chief Operating Officer) Personnel/Auxiliary Services of Calcasieu Parish School Board required the following qualifications:

> Position Qualifications: Applicant must have as a minimum the Educational Leader Level 2 Certificate or Bulletin 746 equivalent. A minimum of five years successful educational administrative experience required. Must have excellent communication skills including both written and oral presentation abilities. Applicant must also have the ability to interact with the public and employees in a positive and professional manner. Knowledge of school personnel and support systems as well as operations of the Calcasieu Parish School Board a plus.

Dr. Robinson applied for this position and was not selected. Shannon LaFarge, a fifty-year-old Caucasian male, was selected and offered the Assistant Superintendent position.

On or about February 9, 2018, Dr. Robinson applied for a position in Calcasieu Parish School Board Office titled "R3 Zone Director of Curriculum and Instruction." Doc. 48-1 *Memorandum In Support of Plaintiff's Motion for Summary Judgment.* Dr. Robinson was also denied this position and given low scores by those who interviewed her, including Dr. Jill Portie the Administrative Director of Elementary Schools. *Id*; Doc. 48-28.

Dr. Robinson received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") based on retaliation. Doc. 48-18. In her complaint of

discrimination, Dr. Robinson states that she was subjected to unannounced visits and evaluations by her supervisor, was harassed, and received "harsh remarks and substandard ratings." *Id.*

In May 2018, Dr. Robinson submitted a letter of resignation and desire to retire. Dr. Robinson later attempted to rescind her resignation/retirement and the School Board did not allow her to withdraw her resignation/retirement as it had already been accepted when the School Board first heard of her efforts. Doc. 48-13.

Dr. Robinson now brings this motion seeking partial summary judgment against Defendants on the issues of discrimination based on race and retaliation [Doc. 48].

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State*

*Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court may not grant a motion for summary judgment solely on the grounds that it is unopposed, and the moving party must still meet its burden as described above. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When the motion is unopposed, however, the court may accept the movant's evidence as undisputed. *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 437 (S.D. Tex. 2015).

## LAW AND ANALYSIS

Title VII prohibits an employer from discriminating against any person in the terms and conditions of employment because of her race. 42 U.S.C. Sec. 2000e-2. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., a plaintiff can prove a claim of intentional discrimination or retaliation by either direct or circumstantial evidence.

The governing legal standard for discrimination claims is set forth in *McDonnell Douglas v. Green* 411 U.S. 792 (1973). Under *McDonnell Douglas,* the complainant bears

the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 802. To make a *prima facie* case, a complainant must show: (1) the complainant belongs to a protected group; (2) the complainant was subjected to an adverse employment action; and (3) similarly situated persons who were not members of the protected group were treated more favorably.

If the complainant establishes a *prima facie* case, the burden of production of evidence shifts to the employer to articulate a legitimate, non-discriminatory reason for the alleged adverse action. *Id.* at 803.

Plaintiff argues that Dr. Robinson met, and exceeded, the stated minimum criteria for the position of Assistant Superintendent, and that Dr. LaFarge did not meet minimum qualifications for the position of Assistant Superintendent. Plaintiffs assert that Dr. Robinson was qualified for the role based on her experiences and education which includes a PhD from University of New Orleans educational administration, a Masters plus 30 Graduate hours certificate from McNeese University, and a Masters in Education Technology degree from McNeese University. Doc. 48-7. Dr. Robinson has experience working in education since 1979 in the Calcasieu Parish School system, and has held positions such as teaching assistant, teacher, middle school principal, elementary principal, and high school principal. *Id.* In addition to her education and work experience, Dr. Robinson received several awards during her time at Calcasieu Parish School, including but not limited to Teacher of the Year, State Presentation for Assistant Principals, KPLC Class Act Award, and has served on the Superintendent John White's Principal Advisory Board and Superintendent Pastorek's Principal Advisory Board. *Id.*

Defendants argue that Dr. Robinson did not demonstrate that she possessed the ability on a consistent basis to manage her own small staff, much less handle the difficult personnel related tasks associated with this School Board. Defendants assert that beginning as early as 2004, Dr. Robinson had evaluations that indicated her deficiencies such as communication and collaboration issues. Doc. 56-4; Doc. 56-1.

Defendants assert that in Dr. Robinson's Form 102 Observation from April 15, 204, the evaluator wrote:

> Many of the teachers feel intimidated and threatened instead of feeling as if they are working in a caring environment that fosters growth for faculty and students.
> [ . . .]
> Areas of Concern:
> The faculty feels that Ms. Robinson is too harsh in communicating with them. They feel she tries to intimidate them and threatens them instead of seeking support from them.

Doc. 56-4; Doc. 56-1.

Defendants argue that in 2013, Dr. Robinson was placed on an Intensive Assistance Plan, 108, as a result of a "Not Attained" 102 Observational Form. *Id.* As such, Defendants assert that the facts show that as early as 2004, Dr. Robinson had been receiving negative comments as well as positive comments about her performance. Dr. Robinson's assertions to the contrary are not supported by School Board records. Defendants assert that events which occurred before Dr. Robinson applied for the Assistant Superintendent Personnel position demonstrate that Dr. Robinson lacked some of the stated requirements for the position she sought.

Plaintiff argues, alternatively, that if Dr. LaFarge was qualified, Dr. Robinson was more qualified. Plaintiff asserts that while Dr. LaFarge and Dr. Robinson do have a similar educational background, their experiences working in education are vastly different. Doc. 70.

In an employment discrimination case circumstantial evidence is analyzed using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

> To survive summary judgment a plaintiff must first present a prima facie case of discrimination. *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015). Once a plaintiff establishes a prima facie case, a presumption of discrimination is established. *Id*. A burden of production then is placed on the employer "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Tex. Dep't of Cmty. Affairs v. Burdine* , 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (quotation marks omitted). If the employer meets this burden, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to establish that the employer's proffered reason is pretextual. Id. In contrast to the minimal burden that a plaintiff bears when establishing his prima facie case, a plaintiff must produce "substantial evidence of pretext." *Auguster v. Vermilion Par. Sch. Bd.,* 249 F.3d 400, 402-03 (5 th Cir. 2001). "Our job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions." *LeMaire v. La. Dep't. of Transp. & Dev*., 480 F.3d 383, 391 (5th Cir. 2007).

*Haywood v. Miss. Dep't of Corr*., unpublished, No. 17-60489, 17 Fed. Appx. 316, 2018 U.S. App. Lexis 912, 130 Fair Empl. Prac. Cas. (BNA) 1110, 2018 WL 416491 (5 th Cir. 2018). *See also Roberson-King v. La. Workforce Comm'n,* 904 F.3d 377 (5th Cir. 2018).

The Fifth Circuit stated in *Martinez v. Texas Workforce Com'n-Civil Rights Div.,* 775 F.3d 685 (5th Cir. 2014), "We have held that a plaintiff may establish pretext by

demonstrating that he was 'clearly better qualified' such that 'the qualifications are so widely disparate that no reasonable employer would have made the same decision.'"

> Instead, our precedents recognize that employers are generally free to weight the qualifications of prospective employees, so long as they are not motivated by race. Indeed, an employee's "better education, work experience, and longer tenure with the company do not establish that he is clearly better qualified." *Price*, 283 F.3d at 723.

*Martinez*, 755 F.3d 685, 687. As such, the Fifth Circuit has held that longer work experience, more supervisory experience, and a better work record have been found to be insufficient alone to establish a plaintiff is "clearly better qualified."

As detailed hereinabove, the parties strongly dispute the issues of discrimination based on race and retaliation. Plaintiff Dr. Robinson has not met her burden for proving that she is clearly better qualified and has not shown by competent evidence that the explanations given by Defendants are pretextual. As such, the Motion for Partial Summary Judgment [Doc. 48] is denied.

## **CONCLUSION**

For the reasons stated above, the Motion for Partial Summary Judgment [Doc. 48] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 22nd day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**