UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DINAH ROBINSON** | **CASE NO. 2:17-CV-01568** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCHOOL BOARD OF CALCASIEU PARISH ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Admit the Rules for Calcasieu Parish Schools" [Doc. 51] filed by Plaintiff Dr. Dinah Robinson. Defendant School Board of Calcasieu Parish, et al. ("School Board") opposes this motion [Doc. 55] and Plaintiff has filed a rely to the opposition [Doc. 68]. As such, this matter is fully briefed and ready for ruling.

## INTRODUCTION

Plaintiff, Dr. Dinah Robinson, is a 60-year-old, African American female professional teacher, and administrator. Dr. Robinson's educational background includes a PhD from University of New Orleans educational administration, a Masters plus 30 Graduate hours certificate from McNeese University, and a Masters in Education Technology degree from McNeese University. Doc. 48-7.

On or about October 16, 2015, the position of Assistant Superintendent of Calcasieu Parish School Board became available, and interviews were conducted. Doc. 48-11 *Calcasieu Parish School System Announcing Vacant Position*. The posted position of

Assistant Superintendent (Chief Operating Officer) Personnel/Auxiliary Services of Calcasieu Parish School Board required the following qualifications:

> Position Qualifications: Applicant must have as a minimum the Educational Leader Level 2 Certificate or Bulletin 746 equivalent. A minimum of five years successful educational administrative experience required. Must have excellent communication skills including both written and oral presentation abilities. Applicant must also have the ability to interact with the public and employees in a positive and professional manner. Knowledge of school personnel and support systems as well as operations of the Calcasieu Parish School Board a plus.

Dr. Robinson applied for this position and was not selected. Shannon LaFarge, a fifty-year-old Caucasian male, was selected and offered the Assistant Superintendent position.

On or about February 9, 2018, Dr. Robinson applied for a position in Calcasieu Parish School Board Office titled "R3 Zone Director of Curriculum and Instruction." Doc. 48-1. Dr. Robinson was also denied this position and given low scores by those who interviewed her, including Dr. Jill Portie, the Administrative Director of Elementary Schools. *Id*; Doc. 48-28.

Dr. Robinson received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") based on retaliation. Doc. 48-18. In her complaint of discrimination, Dr. Robinson states that she was subjected to unannounced visits and evaluations by her supervisor, was harassed, and received "harsh remarks and substandard ratings." *Id.*

In May 2018, Dr. Robinson submitted a letter of resignation and desire to retire. Dr. Robinson later attempted to rescind her resignation/retirement and the School Board did

not allow her to withdraw her resignation/retirement as it had already been accepted when the School Board first heard of her efforts.

Dr. Robinson filed suit alleging discrimination in the workplace and retaliation stemming from adverse employment action taken against Dr. Robinson after her filing charges of discrimination with the Equal Employment Opportunity Commission.

## **LAW AND ANALYSIS**

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

"Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Plaintiff Dr. Robinson seeks to admit the following rules of the Calcasieu Parish School Board:

1. A school board shall not discriminate based on race or sex to protect employees.
2. A school board shall verify that all employees considered for promotion possess the appropriate qualifications and certifications for the position.
3. A school board shall hire qualified, professional personnel to prevent unfair and discriminatory hiring practices.

Doc. 51-1. Plaintiff Dr. Robinson maintains that these rules are neither unfairly prejudicial, confusing nor misleading. Plaintiff further asserts that superintendent Karl Bruchhaus and Shannon Lafarge were questioned about these rules in their depositions. Docs. 51-2; 51-3.

Defendant School Board opposes the admission of this evidence at this time and argues that Plaintiff must first lay a proper foundation for admitting the evidence. The Court agrees and finds that the admission of this evidence is premature. Accordingly, the admission of this evidence will be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

## CONCLUSION

**IT IS ORDERED** that Dr. Robinson's "Motion in Limine to Admit the Rules for Calcasieu Parish Schools" [Doc. 51] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 15th day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**