# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**DINAH ROBINSON**                                     **CASE NO.  2:17-CV-01568**

**VERSUS**                                                      **JUDGE JAMES D. CAIN, JR.**

**SCHOOL BOARD OF CALCASIEU**              **MAGISTRATE JUDGE KAY**
**PARISH ET AL**

## MEMORANDUM ORDER

Before the Court is a "Motion for Counsel to be Entitled to Verbal Voir Dire for at least 45 Minutes Per Attorney" [Doc. 52] filed by Plaintiff Dr. Dinah Robinson. The Defendant has not filed an opposition to this motion; thus, the Court considers the motion unopposed. However, the Court will address the issues raised in the motion.

## INTRODUCTION

Plaintiff, Dr. Dinah Robinson, is a 60-year-old, African American female professional teacher, and administrator. Dr. Robinson's educational background includes a PhD from University of New Orleans educational administration, a Masters plus 30 Graduate hours certificate from McNeese University, and a Masters in Education Technology degree from McNeese University. Doc. 48-7.

On or about October 16, 2015, the position of Assistant Superintendent of Calcasieu Parish School Board became available, and interviews were conducted. Doc. 48-11 *Calcasieu Parish School System Announcing Vacant Position*. The posted position of

Assistant Superintendent (Chief Operating Officer) Personnel/Auxiliary Services of Calcasieu Parish School Board required the following qualifications:

> Position Qualifications: Applicant must have as a minimum the Educational Leader Level 2 Certificate or Bulletin 746 equivalent. A minimum of five years successful educational administrative experience required. Must have excellent communication skills including both written and oral presentation abilities. Applicant must also have the ability to interact with the public and employees in a positive and professional manner. Knowledge of school personnel and support systems as well as operations of the Calcasieu Parish School Board a plus.

Dr. Robinson applied for this position and was not selected. Shannon LaFarge, a fifty-year-old Caucasian male, was selected and offered the Assistant Superintendent position.

On or about February 9, 2018, Dr. Robinson applied for a position in Calcasieu Parish School Board Office titled "R3 Zone Director of Curriculum and Instruction." Doc. 48-1. Dr. Robinson was also denied this position and given low scores by those who interviewed her, including Dr. Jill Portie, the Administrative Director of Elementary Schools. *Id*; Doc. 48-28.

Dr. Robinson received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") based on retaliation. Doc. 48-18. In her complaint of discrimination, Dr. Robinson states that she was subjected to unannounced visits and evaluations by her supervisor, was harassed, and received "harsh remarks and substandard ratings." *Id.*

In May 2018, Dr. Robinson submitted a letter of resignation and desire to retire. Dr. Robinson later attempted to rescind her resignation/retirement and the School Board did

not allow her to withdraw her resignation/retirement as it had already been accepted when the School Board first heard of her efforts.

Dr. Robinson filed suit alleging discrimination in the workplace and retaliation stemming from adverse employment action taken against Dr. Robinson after her filing charges of discrimination with the Equal Employment Opportunity Commission.

## LAW AND ANALYSIS

Voir dire gives the Court and the parties the opportunity to discover conscious or subconscious preconceptions, biases, or other facts. Plaintiff argues that voir dire is the only time the Court and attorneys can speak directly to prospective jurors. Plaintiff maintains that limiting the amount of time or not permitting attorneys to question at all erodes the ability counsel to intelligently exercise the right to challenge or strike. *Press-Enter. Co. v. Superior Court of California, Riverside Country,* 464 U.S. 501, 522 n. 2 (1984) (J. Marshall, concurring op.).

The Court agrees that counsel should have the ability to question potential jurors, but finds that this Court's standing orders, of twenty (20) minutes allotted to each side, provide each counsel adequate time for sufficient questioning. As such, this Court will adhere to the current standing orders that counsel will be allowed twenty (20) minutes per side to conduct his or her own personal voir dire. This amount of time will provide counsel with the necessary time to discover information important to intelligently exercise each counsel's strikes and to make appropriate challenges for cause.

Accordingly,

**IT IS ORDERED** that Dr. Robinson's "Motion for Counsel to be Entitled to Verbal Voir Dire for at least 45 Minutes Per Attorney" [Doc. 52] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 15th day of July, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**