UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DINAH ROBINSON** | **CASE NO.  2:17-CV-01568** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCHOOL BOARD OF CALCASIEU PARISH ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion in Limine to Admit Demonstrative Aids and Certain Evidence" [Doc. 59]. Defendants oppose this motion [Doc. 71]. Plaintiff has not filed a reply to Defendants' opposition and the time for doing so has now lapsed. As such, this matter is fully briefed and ready for ruling.

## INTRODUCTION

Plaintiff, Dr. Dinah Robinson, is a 60-year-old, African American female professional teacher, and administrator. Dr. Robinson's educational background includes a PhD from University of New Orleans educational administration, a Masters plus 30 Graduate hours certificate from McNeese University, and a Masters in Education Technology degree from McNeese University. Doc. 48-7.

On or about October 16, 2015, the position of Assistant Superintendent of Calcasieu Parish School Board became available, and interviews were conducted. Doc. 48-11 *Calcasieu Parish School System Announcing Vacant Position*. The posted position of

Assistant Superintendent (Chief Operating Officer) Personnel/Auxiliary Services of Calcasieu Parish School Board required the following qualifications:

> Position Qualifications: Applicant must have as a minimum the Educational Leader Level 2 Certificate or Bulletin 746 equivalent. A minimum of five years successful educational administrative experience required. Must have excellent communication skills including both written and oral presentation abilities. Applicant must also have the ability to interact with the public and employees in a positive and professional manner. Knowledge of school personnel and support systems as well as operations of the Calcasieu Parish School Board a plus.

Dr. Robinson applied for this position and was not selected. Shannon LaFarge, a fifty-year-old Caucasian male, was selected and offered the Assistant Superintendent position.

On or about February 9, 2018, Dr. Robinson applied for a position in Calcasieu Parish School Board Office titled "R3 Zone Director of Curriculum and Instruction." Doc. 48-1. Dr. Robinson was also denied this position and given low scores by those who interviewed her, including Dr. Jill Portie, the Administrative Director of Elementary Schools. *Id*; Doc. 48-28.

Dr. Robinson received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") based on retaliation. Doc. 48-18. In her complaint of discrimination, Dr. Robinson states that she was subjected to unannounced visits and evaluations by her supervisor, was harassed, and received "harsh remarks and substandard ratings." *Id.*

In May 2018, Dr. Robinson submitted a letter of resignation and desire to retire. Dr. Robinson later attempted to rescind her resignation/retirement and the School Board did

not allow her to withdraw her resignation/retirement as it had already been accepted when the School Board first heard of her efforts.

Dr. Robinson filed suit alleging discrimination in the workplace and retaliation stemming from adverse employment action taken against Dr. Robinson after her filing charges of discrimination with the Equal Employment Opportunity Commission.

## LAW AND ANALYSIS

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

"Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Plaintiff Dr. Robinson requests that this Court issue an order stating that certain evidence is admissible in this matter and can be presented to the jury at trial. The evidence that plaintiff is seeking to admit is detailed below:

1. A timeline of the events regarding Dr. Robinson applying for retirement and Calcasieu Parish School Board refusing to allow Dr. Robinson to rescind her retirement to be used as a demonstrative aid;
2. Calcasieu Parish School Board Policy for Promotions;
3. Dr. Shannon LaFarge's Resume, Certificates, and Applications;
4. Dr. Dinah Robinson's Resume/CV, Certificates, Awards, and Applications;
5. A Letter from State of Louisiana Department of Education stating Dr. Shannon LaFarge's qualifications;
6. Correspondence Regarding Dr. Robinson's Retirement and Recission of Retirement;
7. Dr. Robinson's recommendation letter signed by faculty and staff at John F. Kennedy Elementary School;
8. Affidavits of Witnesses;
9. Announcement of Assistant Superintendent Position; and
10. Karl Bruchhaus Memorandum Changes in Organization Chart for March 8, 2016.

Doc. 59-1. *Memorandum in Support of Plaintiff's Motion in Limine to Admit Demonstrative Aids and Certain Evidence.* Plaintiff Dr. Robinson maintains that this evidence is not prejudicial to Defendants as it is largely comprised of their own documents, and it is critical to Plaintiff's allegations.

Defendant School Board opposes the admission of this evidence at this time and argues that Plaintiff must first lay a proper foundation for admitting the evidence. The Court agrees and finds that the admission of this evidence is premature. Accordingly, the admission of this evidence will be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

- 5 -

## CONCLUSION

**IT IS ORDERED** that Dr. Robinson's "Plaintiff's Motion in Limine to Admit Demonstrative Aids and Certain Evidence" [Doc. 59] is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 19th day of July, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**